Dear Mr. Drennen:
You have requested an opinion of the Attorney General on the question of whether vocational-technical (vo-tech) schools remain exempt from conducting procurements through the Office of State Purchasing even though they are no longer under the supervision of the Board of Elementary and Secondary Education (BESE).
This exemption given to vo-tech schools is contained in LA. R.S. 39:1572, which states, in relevant part, as follows:
 B. Exemptions from central purchasing only. Unless otherwise ordered by regulation of the commissioner with approval of the governor, the following governmental bodies shall not be required to conduct procurement through the central purchasing agency, but shall nevertheless be subject to the requirements of this Chapter and the Regualtions promulgated by the commissioner:
 (4) Vocational-technical schools, special schools, and other institutions under the supervision of the Board of Elementary and Secondary Education . . ."
The following rules of statutory interpretation and construction are applicable to the issue presented.
 When a law is clear and unambiguous and its application does not lead to absurd consequences, he law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
LSA-C.C. Art. 10. Language susceptible of different meanings
 When the language of the law is susceptible meanings, it must be interpreted as having a meaning that best conforms to the purpose of the law.
LSA-C.C. Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
R.S. 1 § 3. Words and phrases; how construed
 Words and phrases shall be read with their context and according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word "shall" is mandatory and the word "may" is permissive.
Regardless of whether vo-tech schools are under the supervision of BESE or under the newly formed Board of Supervisors of Community and Technical Colleges, LA.R.S. 39:1572 (B)(4) unambiguously gives an exemption to three categories of institutions; namely: vocational-technical schools, special schools and other institutions under BESE. The interpretation that being an institution under the supervision of BESE is a qualifier for this exemption would be inconsistent with LA. C.C. art. 9.
The exemption clearly lists vo-tech schools, followed by a comma, then "special schools," followed by another comma and the conjunctive "and." According to the Louisiana Supreme Court case of Kelly v. Weil, "the intent to create two completely separate phrases is further evidenced by the otherwise unnecessary comma preceding the conjunctive "and." Commas are used to reflect structure and to clarify sense of the sentence . . . [t]he comma reflects the intent to seperate." Kelly v. Weil, 563 So.2d 221, at 224 (La. Jun. 4, 1990), citing Practical English Handbook, Rule 20. As mentioned earlier, LA. R.S. 39:1572 (B)(4) separately lists three institutions that are exempt, regardless of whether one is or is not under the supervision of the BESE Board.
Guided by the rules of statutory interpretation and construction noted above, we find the provisions of 39:1572 (B)(4) to be clear and unambiguous and should be applied as written with no further interpretation. Assuming, arguendo, the provisions are ambiguous, we are required to examine the text of the law in its entirety. Our jurisprudence has consistently held that, in construing a statute, one is bound to consider all parts together, giving effect to all parts if possible, and not construing as surplusage any sentence, clause of word, if the construction can be legitimately found which will give meaning to and preserve all words of the statute. Ritchie v. Louisiana Department ofPublic Safety and Corrections, 595 So.2d 1158 (La.App. 1 Cir. 1991) writ denied.
After researching the legislative history of the law creating the Board of Supervisors of Community and Technical Colleges, LSA-Const. Art. 8, Sec. 7.1, Acts 1998, 1st Ex. Sess., No. 151, this office can find no evidence that the legislature intended to change LA. R.S. 39:1572. It is therefore the opinion of this office that the clear and unambiguous structure of LA. R.S. 39:1572 creates an exemption for vo-tech schools, and that there has been no subsequent statute, which has effectively amended or repealed this exemption.
We trust that this answers your inquiry.
Very truly yours,
 By: __________________________ RICHARD L. McGIMSEY Assistant Attorney General
RPI/RLM/dam