571 So.2d 733 (1990)
Carl WEEMS, Plaintiff-Appellant,
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Defendant-Appellee.
No. 21951-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1990.
*734 Teat and Avery by Jimmy C. Teat, Jonesboro, for plaintiff-appellant.
Stephen A. Quidd, Baton Rouge, for defendant-appellee.
Before MARVIN and SEXTON, JJ., and PRICE, J. Pro Tem.
SEXTON, Judge.
The plaintiff, Carl Weems, filed a petition seeking review of the suspension of his driver's license for his failure to submit to a chemical test for intoxication following an automobile accident. The defendant, the State of Louisiana, Department of Public Safety (DOPS), filed an exception of prescription which was sustained by the trial court. Plaintiff's appeal seeks review of the trial court judgment which sustained the exception and dismissed plaintiff's suit. We affirm.
On September 2, 1989, the plaintiff was involved in an automobile accident. Louisiana State Police Trooper David Williams requested that the plaintiff submit to a chemical test for intoxication. When the plaintiff allegedly refused to submit to the test, his driver's license was seized and suspended pursuant to LSA-R.S. 32:667.
On October 9, 1989, the plaintiff filed a petition in district court claiming that his driver's license was suspended without cause and therefore seeking the reinstatement of his driving privileges.
DOPS answered the petition and filed an exception of prescription, claiming that, pursuant to LSA-R.S. 32:414 F an application for review of a suspension of driving privileges must be filed in the district court within 30 days of the suspension. Relying on the date the plaintiff's driver's license was seized as the date of suspension, September 2, 1989, DOPS argued that, by the date plaintiff's petition was filed, October 9, 1989, more than 30 days had elapsed. Following an evidentiary hearing, at which Trooper Williams was the sole witness, the trial court sustained the exception and dismissed the lawsuit.
On appeal, plaintiff argues that a certified letter should have been sent to him as notification that his license had been suspended, in accordance with LSA-R.S. 32:414 F(3). Plaintiff argues that as he was not notified by certified mail of the suspension, prescription never began to run and therefore his petition was timely filed with the district court.
DOPS counters this argument, asserting that the certified mail requirement is inapplicable when the suspension of a driver's license is based on LSA-R.S. 32:667, as in the instant case. We agree.
LSA-R.S. 32:414 establishes the procedure for suspension of a driver's license subsequent to conviction for certain offenses. LSA-R.S. 32:667 establishes the procedure for suspension of a license when a driver either refuses to submit to an approved chemical test for intoxication or the result of such a test shows a blood *735 alcohol level of .10 or more. These are entirely different circumstances.
LSA-R.S. 32:667 specifically provides that in the event circumstances trigger this section, the arresting officer is to seize the driver's license and issue a temporary receipt which serves as notice that the individual has not more than ten days from the date of arrest to seek an administrative hearing. LSA-R.S. 32:667 A(2).
There appears to be no dispute that plaintiff has never sought an administrative hearing in accordance with LSA-R.S. 32:667. We thus agree with the trial court that plaintiff's action is precluded, though we conclude that the period at issue is one of peremption rather than prescription.
The distinction between peremption and prescription is not always apparent, and the treatise writers themselves are not always in accord. Pounds v. Schori, 377 So.2d 1195 (La.1979). Each case is to be considered separately on its own merits with the main consideration being the purpose sought to be achieved by the particular limitation period involved. Pounds v. Schori, supra. The factors suggestive of a peremptive period are the existence of a claim of a public law nature and a period of less than one year. Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). A further characteristic of a peremptive period is the existence of an underlying public interest that a certain right exist only for a limited period of time. Hebert v. Doctors Memorial Hospital, supra. A further distinction is that in contrast to prescription, peremption may not be interrupted or suspended. LSA-C.C. 3461. Also, in contrast, peremption may be supplied by the court on its own motion. LSA-C.C. 3460.
The trial court correctly concluded that plaintiff's right to seek reinstatement of his driver's license is terminated by the passage of the ten-day period provided for in LSA-R.S. 32:667. The judgment appealed from is affirmed at appellant's cost.
AFFIRMED.