595 So.2d 1158 (1991)
Ewen T. RITCHIE, Jr.
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.
No. 90 CA 1196.
Court of Appeal of Louisiana, First Circuit.
December 12, 1991.
Rehearing Denied March 13, 1992.
Mark V. Marinoff, Baton Rouge, for plaintiff-appellee Ewen T. Ritchie, Jr.
Wayne R. Crouch, Baton Rouge, for defendant-appellant Louisiana Dept. of Public Safety and Corrections.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
In this appeal, the issues before us are legal questions which are res nova in this court: (1) whether a person has ten days or thirty days in which to request an administrative hearing under LSA-R.S. 32:667; and (2) if the former, whether that period is prescriptive or preemptive.
The Louisiana Department of Public Safety and Corrections (DPSC) suspensively appeals the judgment of the district court which ordered it to grant the plaintiff an administrative hearing following the suspension of his driving privileges. The plaintiff's license was seized in connection with his arrest for DWI on October 27, 1989, and his alleged subsequent refusal to submit to a breath test to determine his blood alcohol content. After the plaintiff *1159 requested an administrative hearing by DPSC, which was denied as untimely, he filed a petition in district court requesting such a hearing, or in the alternative, an order by the court to DPSC to grant him a restricted driver's license. In response, DPSC filed a peremptory exception raising the objection of prescription, which was denied by the district court. For the reasons hereinafter stated, we affirm the judgment.
The facts are not in dispute. Plaintiff alleged in his petition that his driving privileges were suspended in connection with a traffic arrest on October 27, 1989, and that within thirty days of that date, he mailed a written request for an administrative hearing to consider the propriety of this suspension pursuant to the provisions of LSA-R.S. 32:667 and 32:668. DPSC answered the petition, admitting that plaintiff was arrested on October 27, 1989, for DWI and that it received a request for a hearing on November 16, 1989, but asserting that plaintiff's right to a hearing under LSA-R.S. 32:667 A(2) has prescribed, as that statute allows only ten days from the date of arrest for a licensee to request an administrative hearing. The record does not contain a copy of the request by plaintiff or the denial by DPSC. However, since the issues before us are legal questions rather than factual ones, we will accept the allegations contained in the pleadings by the parties as true.
LSA-R.S. 32:667 A provides as follows:
Seizure of license; circumstances; temporary license
A. When a law enforcement officer places a person under arrest for a violation of R.S. 14:98, or a violation of a parish or municipal ordinance prohibiting the operating of a vehicle while intoxicated, and the person either refuses to submit to an approved chemical test for intoxication, or submits to such tests and such test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, the following procedures shall apply:
(1) The officer shall seize the driver's license of the person under arrest and shall issue in its place a temporary receipt of license on a form approved by the Department of Public Safety and Corrections. Such temporary receipt shall authorize the person to whom it has been issued to operate a motor vehicle upon the public highways of this state for a period not to exceed thirty days from the date of arrest or as otherwise provided herein.
(2) The temporary receipt shall also provide and serve as notice to the person that he has not more than ten days from the date of arrest to make written request to the Department of Public Safety and Corrections for an administrative hearing in accordance with the provisions of R.S. 32:668.
(3) In a case where a person submits to an approved chemical test for intoxication but the results of the test are not immediately available, the law enforcement officer shall comply with Subparagraphs (1) and (2) herein, and the person shall have ten days from the date of arrest to make written request for an administrative hearing. If after thirty days from the date of arrest the test results have not been received or the test results show an alcohol level of less than .10 percent by weight of alcohol in the blood, then no hearing shall be held and the license shall be returned without the payment of a reinstatement fee.
B. If such written request is not made by the end of the thirty day period, the person's license shall be suspended as follows:
. . . . .
(2) If the person had refused to submit to the test, his driving privileges shall be suspended for one hundred and eighty days from the date of suspension on first refusal and five hundred forty-five days from the date of suspension without benefit of eligibility for a hardship license on the second and subsequent refusals occurring within five years of the first refusal.
Subsection (A)(1) provides for the issuance of a temporary receipt which authorizes *1160 a person to operate a motor vehicle for a period of thirty days from the date of arrest. Subsection A(2) provides that the temporary receipt shall also serve as notice that the person has not more than ten days from the date of arrest to make a written request to the DPSC for an administrative hearing. Additionally, Subsection B provides that if the written request is not made in thirty days, the person's license shall be suspended for certain time periods depending on whether he or she submitted to the chemical test for intoxication.
Subsection A(2) is in direct conflict with Subsection B which allows a thirty day period for submitting a written request for a hearing. Further, LSA-R.S. 32:668[1], which is referred to in Subsection A(2), provides for, as the title indicates, "Procedure following revocation or denial of license; hearing; court review; review of final order; restricted license." LSA-R.S. 32:668 provides for instances in which a license or permit has been denied or suspended and makes no reference to an administrative hearing after a temporary receipt has been issued. Additionally, LSA-R.S. 32:667 makes no reference to the temporary license being considered a suspension. The only reference in LSA-R.S. 32:667 to suspension is in Subsection B which provides for suspension after 30 days if no written receipt is given. Thus, Subsection A(2) makes a reference to an administrative hearing provided for in LSA-R.S. 32:668 which itself only refers to the administrative hearing when a person's license has been suspended. Thus, a reading of LSA-R.S. 32:667 and LSA-R.S. 32:668 together would indicate three possible time periods in which to request an administrative hearing. First, LSA-R.S. 32:667 A(2) provides for a ten day period after an arrest. Secondly, LSA-R.S. 32:667 B provides for a thirty day period following an arrest. Lastly, LSA-R.S. 32:668 provides that a person may request a hearing after the suspension of his license which is more than thirty days after an arrest according to LSA-R.S. 32:667 B.
In construing a statute an appellate court is bound to consider all parts together, giving effect to all parts, if possible, and not construing as surplusage any sentence, clause or word, if a construction can be legitimately found which will give meaning to and preserve all the words of the statute. Perkins v. State Board of Elementary and Secondary Education, 562 So.2d 930 (La.App. 1st Cir.), writ denied, 565 So.2d 448 (La.1990).
Considering the conflicts and ambiguities in the statute and particularly the elusive nature of the time periods for which to request an administrative hearing, we cannot find a construction which will give meaning to all the words in the statute. Thus, we cannot say the trial court erred in overruling the exception.
Additionally, since we find no error in the trial court's ruling that the plaintiff requested the administrative hearing, we pretermit any discussion as to whether the ten day period is preemptive or prescriptive.
For the above and foregoing reasons the judgment of the trial court is affirmed. Costs in the amount of $266.81 are to be paid by the Louisiana Department of Public Safety and Corrections.
AFFIRMED.
COVINGTON, Chief Judge, dissenting.
I respectfully disagree with my esteemed colleagues' construction of and ruling on the statute in question.

*1161 LSA-R.S. 32:667 A[1] provides as follows:
Text of introductory paragraph of subsec. A as amended by Acts 1985, No. 194, § 1, eff. July 6, 1985.
A. When a law enforcement officer places a person under arrest for a violation of R.S. 14:98 or other law or ordinance that prohibits operating a vehicle while intoxicated and the person either refuses to submit to an approved chemical test for intoxication, or submits to such test and such test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, the following procedures shall apply:
Text of introductory paragraph of subsec. A as amended by Acts 1985, No. 816, § 1.
A. When a law enforcement officer places a person under arrest for a violation of R.S. 14:98, or a violation of a parish or municipal ordinance prohibiting the operating of a vehicle while intoxicated, and the person either refuses to submit to an approved chemical test for intoxication, or submits to such and such test results show a blood alcohol level of.10 percent or above by weight of alcohol in the blood, the following procedures shall apply:
(1) The officer shall seize the driver's license of the person under arrest and shall issue in its place a temporary receipt of license on a form approved by the Department of Public Safety and Corrections. Such temporary receipt shall authorize the person to whom it has been issued to operate a motor vehicle upon the public highways of this state for a period not to exceed thirty days from the date of arrest or as otherwise provided herein.
(2) The temporary receipt shall also provide and serve as notice to the person that he has not more than ten days from the date of arrest to make written request to the Department of Public Safety and Corrections for an administrative hearing in accordance with the provisions of R.S. 32:668.
(3) In a case where a person submits to an approved chemical test for intoxication but the results of the test are not immediately available, the law enforcement officer shall comply with Subparagraphs (1) and (2) herein, and the person shall have ten days from the date of arrest to make written request for an administrative hearing. If after thirty days from the date of arrest the test results have not been received or the test results show an alcohol level of less than.10 percent by weight of alcohol in the blood, then no hearing shall be held and the license shall be returned without the payment of a reinstatement fee. [Emphasis added.]
Subsection A thus refers to two pertinent time periods: a ten-day period within which to request an administrative hearing, which is explicitly referred to in both paragraphs (2) and (3) (emphasized language), and a thirty-day period during which the temporary receipt allows the licensee to continue to drive after the seizure of his license. This thirty-day period is referred to in paragraphs (1) and (3), but is nowhere mentioned in paragraph (2), the portion of the statute expressly dealing with the administrative hearing procedure following an arrest for DWI. However, in subsection B, there is further reference to the thirty-day period:
If such written request is not made by the end of the thirty day period, the person's license shall be suspended as follows:
. . . . .
(2) If the person had refused to submit to the test, his driving privileges shall be *1162 suspended for one hundred and eighty days from the date of suspension on first refusal and five hundred forty-five days from the date of suspension without benefit of eligibility for a hardship license on the second and subsequent refusals occurring within five years of the first refusal.
DPSC contends that there is no conflict in the statute with regard to the period within which a hearing may be requested. It argues that the ten-day period clearly applies; that the language in Subsection B, though clumsily punctuated, is not intended to provide for a thirty-day prescriptive period in which a hearing may be requested. Rather, the state argues, when read in its entirety, the language of the statute clearly provides that in those cases where a licensee has not requested an administrative hearing, at the end of the thirty-day period for driving privileges provided by the "temporary license," which is given to the licensee at the time of arrest and seizure of his license, then the suspension begins in accordance with the terms and conditions contained in paragraphs (1) and (2) under Subsection B.
I agree with the state's argument and would find it to be the proper construction of the statute.
When interpreting a law, the court should give it the meaning the lawmaker intended. It will not be presumed that the legislature intended for any part or provision of the law to be meaningless or useless. Where it is possible to do so, it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of a statutory provision which harmonizes and reconciles it with other statutory provisions. A construction of a statute which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the act and will carry out the legislature's intention. Colwell v. State of Louisiana, Through the Office of the Attorney General, 506 So.2d 941, 946 (La. App. 1st Cir.), writ denied, 508 So.2d 89 (La.1987), and the cases cited therein.
In the case sub judice, the argument urged by the DPSC achieves just such a construction, and would ennable us to give effect to each subpart and paragraph of the statute. Moreover, considering the express mention of the ten-day period in paragraphs (2) and (3) immediately preceding the language, "to make written request [... ] for an administrative hearing," I find that this construction is the only logical one to make regarding the legislature's intention on this issue. Thus, I would hold that the plaintiff failed to timely file his written request for an administrative hearing under LSA-R.S. 32:667.
With regard to the other argument advanced by DPSC, that the ten-day period is peremptive rather than prescriptive, I likewise find the rationale of our brethren in the Second Circuit to be persuasive. In Weems v. Department of Public Safety and Corrections, 571 So.2d 733 (La.App. 2nd Cir.1990), the court noted the different circumstances triggering the application of LSA-R.S. 32:414, the procedure for suspension of a driver's license subsequent to conviction for certain offenses, and of LSA-R.S. 32:667, which applies prior to any conviction, when the driver either refuses to submit to testing to determine his possible intoxication, or when such a test shows a blood alcohol level of .10 or more. There, the driver failed to submit to testing following an automobile accident, and his license was accordingly seized pursuant to § 667. In holding that the plaintiff's right to an administrative hearing had been precluded by his failure to request same within the ten-day period of LSA-R.S. 32:667 A(2), the court found that the ten-day period was peremptive[2] under the following analysis:

*1163 The distinction between peremption and prescription is not always apparent, and the treatise writers themselves are not always in accord. Pounds v. Schori, 377 So.2d 1195 (La.1979). Each case is to be considered separately on its own merits with the main consideration being the purpose sought to be achieved by the particular limitation period involved. Pounds v. Schori, supra. The factors suggestive of a peremptive period are the existence of a claim of a public law nature and a period of less than one year. Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). A further characteristic of a peremptive period is the existence of an underlying public interest that a certain right exist only for a limited period of time. Hebert v. Doctors Memorial Hospital, supra. A further distinction is that in contrast to prescription, peremption may not be interrupted or suspended. LSA-C.C. 3461. Also, in contrast, peremption may be supplied by the court on its own motion. LSA-C.C. 3460. 571 So.2d at 735.
Where the statute itself does not specify whether a limiting period is prescriptive or peremptive, our supreme court has indicated that each case is to be considered on an individual basis.
Although the peremption articles, La. Civ. Code arts. 3458-3461, were not enacted until 1982, peremption has long been established in Louisiana jurisprudence and is traceable to the civil law concept of forfeiture. Flowers, Inc. v. Rausch, 364 So.2d 928, 931 n. 1 (La.1978) (citing 28 G. Baudry-Lacantinerie & A. Tissier, Traite Theorique et Pratique de Droit Civil §§ 38-39 (La.St.L.Inst.trans. 1972).) The early cases, beginning with Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899 (1901), attempted to distinguish peremption from prescription (no simple matter, incidentally), and the Legislature's 1982 codification of the doctrine is based on the jurisprudence.
. . . .
While these articles (La.Civ. Code arts. 3458-3461) have enacted into law the distinguishing characteristics of peremption they do not attempt to specify whether particular time periods enacted in any given legislation constitute peremptive or prescriptive periods. Thus, we have a framework for analysis and the flexibility to apply the appropriate doctrine to the case under consideration. Hebert v. Doctors Memorial Hospital, 486 So.2d at 722, 723.
The factors which the court deemed important in its determination in Hebert were (1) the legislative purpose sought to be achieved by a particular limitation period; (2) whether the statute itself creates the right of action and stipulates the delay during which the right may be exercised; (3) the existence of a claim of a public law nature (i.e. whether there is a strong public interest in regulating exercise of that right); and (4) a period of less than one year. 486 So.2d at 724. Application of these factors to the analysis of the case sub judice indicates that the ten-day period of LSA-R.S. 32:667 A(2) was intended to be peremptive, rather than prescriptive.
Arguably, there is a strong safety purpose which could have been the motivating factor for the legisture in providing a brief period for requesting administrative hearings under this statute. The drivers affected are those who either tested as legally intoxicated or who refused to cooperate with law enforcement personnel after being arrested for driving while intoxicated. Either type of driver may be seen as a legitimate threat to the public safety and welfare. Thus, speedy resolution of any questions on the propriety of the suspension of driving privileges for these people would be a worthy legislative goal served by this limitation period.
By its own terms, LSA-R.S. 32:667 A(2) both creates the right to this hearing and stipulates the delay during which the right *1164 may be exercised. The creation of a special, separate period of limitation within this provision argues strongly for a peremptive character.
The existence of a strong public interest in regulating the exercise of the right to an administrative hearing here has already been touched upon in the discussion supra of the legislative purpose served. In view of the alarmingly high statistics of the injuries and deaths cause by drunk drivers on our streets, which are a matter of common knowledge, it would be difficult to deny the presence of the strong public interest in a limitation affecting the driving privileges of a licensee suspended under this statute.
Finally, not only is the period less than one year, it is greatly less than one year. There are few periods of limitation in our laws as brief or briefer than this ten-day period. Of those, the ones which immediately come to mind involve matters also of strong public interest or harsh remedies, such as the seven-day delay within which to request a new trial under LSA-C.C.P. art. 1974 or the various effective periods and hearing delays ancillary to the right to injunctive relief under LSA-C.C.P. art. 3601 et seq.
In conclusion, I would hold that LSA-R.S. 32:667 A(2) provides for a ten-day peremptive period within which drivers whose licenses have been suspended following an arrest for DWI may request an administrative hearing from DPSC. I would reverse the judgment of the district court denying the peremptory exception raising the objection of prescription[3] and render judgment in favor of DPSC, dismissing plaintiff's suit with prejudice and at his costs.
NOTES
[1] LSA-R.S. 32:668

Procedure following revocation or denial of license; hearing; court review; review of final order; restricted licenses
A. Upon suspending the license or permit to drive or nonresident operating privilege of any person or upon determining that the issuance of a license or permit shall be denied to the person, the Department of Public Safety and Corrections shall immediately notify the person in writing and upon his request shall afford him an opportunity for a hearing in the same manner and under the same conditions as is provided in R.S. 32:414 for notification and hearings in the case of suspension of licenses, except that the scope of such a hearing for the purposes of this Part shall cover the following issues: ...
[1] Acts 1985, No. 194, § 1, effective July 6, 1985, amended subsection A of section 667, and included an introductory paragraph and paragraphs (1), (2), and (3). The title of Acts 1985, No. 816, and the enacting clause of § 1 thereof, declared an intent to also amend subsection A in its entirety, but the text of Act 816 contained only an introductory paragraph followed by a line of stars, and did not contain paragraphs (1), (2), (3) of subsection A as they had existed prior to the 1985 amendments. On authority of R.S. 24:253, the introductory paragraphs of subsection A were printed as amended by both Acts, which were in conflict with respect thereto, and paragraphs (1), (2), and (3) of subsection A were printed as amended by Acts 1985, No. 194.
[2] The Civil Code articles on peremption provide as follows:

Art. 3458. Peremption; effect
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.
Art. 3459. Application of rules of prescription
The provisions on prescription governing computation of time apply to peremption.
Art. 3460. Peremption need not be pleaded
Peremption may be pleaded or it may be supplied by a court on its own motion at any time prior to final judgment.
Art. 3461. Renunciation, Interruption, or suspension ineffective
Peremption may not be renounced, interrupted, or suspended.
[3] The objection of prescription raised in a peremptory exception may assert any of the defenses set forth in Title XXIVPrescription of the Civil Code. Those defenses are found and defined in Chapter 1 of Title XXIV, and include peremption. Capital Drilling Company v. Graves, 496 So.2d 487 (La.App. 1st Cir.1986).