603 So.2d 800 (1992)
Thomas Allen GREEN
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS.
No. 91 CA 1006.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Rehearing Granted August 10, 1992.
*801 Ron Macaluso, Hammond, for plaintiff-appellee.
Paul Schexnayder, Dept. of Public Safety, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Thomas Allen Green (plaintiff) was arrested for driving while intoxicated on October 28, 1990. He allegedly refused to take a chemical test for intoxication. Plaintiff surrendered his license to the arresting officer. Plaintiff admits in his petition that the arresting officer gave him a notice "that the Office of Motor Vehicles of the Louisiana Department of Public Safety and Corrections [defendant] sought to suspend petitioner's driving privileges for 180 days for allegedly refusing the chemical test for intoxication." On December 19, 1990, plaintiff requested an administrative hearing from defendant regarding the suspension of plaintiff's license. The request was denied as untimely.
Plaintiff then filed a petition with the district court requesting it order defendant to grant plaintiff an administrative hearing. Plaintiff also requested the district court enjoin defendant from suspending his license until after an administrative hearing because he would suffer irreparable financial harm if he were unable to drive.[1] The district court granted both requests. Defendant appeals.
LSA-R.S. 32:667(C) requires defendant to develop a uniform statewide form for temporary receipt of licenses to be issued to the person arrested to provide him a means to request an administrative hearing. This temporary receipt must provide notice that written request for administrative hearing must be made within 10 days of the date of arrest. R.S. 32:667(A)(2). Defendant filed into evidence the temporary receipt for plaintiff's license, which bears plaintiff's signature.
This court held in Ritchie v. Louisiana Department of Public Safety & Corrections, 595 So.2d 1158 (La.App. 1st Cir. 1991), that because of the conflicts and ambiguities between R.S. 32:667(A)(2), *802 which provides a 10-day limit to request an administrative hearing, and R.S. 32:667(B), which refers to a 30-day period, the 30-day period of R.S. 32:667(B) should be applied to a case such as this. Plaintiff did not request an administrative hearing within 30 days of his arrest. Plaintiff's written request was filed on December 19, 1990, 52 days after his October 28 arrest.
Plaintiff contends he is not bound by the time limitation found in R.S. 32:667 because the arresting officer did not read a standardized form to him, as is required by R.S. 32:661(C)(1), setting forth (1) his rights under Miranda v. Arizona, (2) that his driving privileges can be suspended for refusing to submit to the chemical test, and (3) that his driving privileges can be suspended if he submits to the test and the test shows a blood alcohol level of .10 percent or above. Plaintiff further contends that if the time limitation is applied to him, he will be deprived of his constitutional rights to due process.
In Weems v. Department of Public Safety & Corrections, 571 So.2d 733 (La.App. 2d Cir.1990), the second circuit held the 10-day period set forth in R.S. 32:667(A)(2) is peremptive and thus is not subject to interruption or suspension. Two of the factors considered by the court in making this determination were (1) whether the claim is of a public law nature and (2) whether the public's interest is furthered by having the right exist for only a limited period of time. See also Comment, Prescription and PeremptionThe 1982 Revision of the Louisiana Civil Code, 58 Tul.L.Rev. 593 (1983); Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220 (1980).
While we disagree with the Weems court that the applicable time period is 10 days, we agree that the time limit set forth in R.S. 32:667 is peremptive. The claim involved herein is certainly of a public law nature. The public interest underlying the brief time period in which to request an administrative hearing is the prompt resolution of claims that driver's licenses were improperly suspended and the prompt suspension of the licenses of those drivers who refuse the test without justification. The alleged failure of the arresting officer to advise plaintiff of certain rights could not interrupt this peremptive period.
Furthermore, plaintiff has not alleged he was not advised of the time limitation. If plaintiff was deprived of any due process, it was by his own inaction, his failure to read the form he was given at the time of his arrest, and not by any action of defendant or the arresting officer.
Plaintiff's right to challenge the introduction of evidence of his refusal to take the test at a trial on the criminal charge of driving while intoxicated is not abridged. Any issues plaintiff wished to raise in the administrative hearing regarding failure of the arresting officer to read him the statement set forth in R.S. 32:661(C)(1) can be raised at plaintiff's criminal trial. State v. Allen, 440 So.2d 1330, 1333 (La.1983); see also State v. Edwards, 525 So.2d 308, 313 (La.App. 1st Cir.1988).
The trial court committed legal error in ordering defendant to hold an administrative hearing regarding suspension of plaintiff's driver's license. The judgment of the trial court is hereby reversed, and the preliminary injunction issued by the trial court restraining defendant from suspending plaintiff's driving privileges pending such a hearing is hereby dissolved. Defendant is cast with all costs.
REVERSED AND RENDERED.
Before SHORTESS, LANIER, and CRAIN, JJ.

ON APPLICATION FOR REHEARING.
Rehearing GRANTED.
Our original opinion erroneously cast defendant for costs. Costs should have been assessed to plaintiff. Our original decision is hereby amended to cast plaintiff with all costs.
NOTES
[1] Plaintiff is employed as a truck driver.