STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

MARK M. SIMMONS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS,
OFFICE OF MOTOR VEHICLES

**********
APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 56,214
HONORABLE CHARLES B. ADAMS, DISTRICT JUDGE

**********
JOHN B. SCOFIELD
JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Glenn B. Gremillion and John B. Scofield[*], Judges.

**PETITION DISMISSED WITH PREJUDICE;
JUDGMENT REVERSED.**

Stephen A. Quidd
Dep't of Pub. Safety & Corr.
P. O. Box 66614
Baton Rouge, LA 70896
Counsel for Defendant/Appellant:
    La. Dep't of Pub. Safety & Corr., Office of Motor Vehicles

William D. Dyess
Attorney at Law
P. O. Drawer 420
Many, LA 71449
Counsel for Plaintiff/Appellee:
    Mark M. Simmons

---

[*]Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

SCOFIELD, Judge[1].

The Defendant, the Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles (DPS), appeals a judgment of the trial court ordering DPS to issue Plaintiff, Mark M. Simmons, an unrestricted driver's license as of December 11, 2003. For the reason set forth herein, we reverse the judgment of the trial court, deny Plaintiff's motion for reimbursement and dismiss, with prejudice, Mr. Simmons' petition to reinstate his license as having been perempted.

**FACTS**

Although our decision herein renders, in large part, a careful examination of all of the stipulated facts unnecessary, we observe that there are material gaps and omissions in these stipulated facts which would have made a decision on the merits most difficult, if not impossible. We quote, in toto, the following facts which were stipulated to at trial:

1.    On 1-25-02- Mark Simmons submitted to [a] test and [was] arrested for DWI. This would result in a 90 day suspension.

2.    Mr. Simmons made a timely request for an administrative hearing.

3.    On April 22, 2002, Mr. Simmons sign [sic] a formal waiver of his right for an administrative hearing.

4.    On June, 25, 2002, the temporary driving permit issued on February 25, 2002, in connection with Mr. Simmons request for a hearing expired.

5.    No temporary driving permit was issued to Mr. Simmons between June 25, 2002 and July 26, 2002.

6.    On July 26, 2002, Mr. Simmons was issued a 30 day temporary driving permit.

---

[1] Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

1

7. On August 26, 2002, the Department of Public Safety received a facsimile from the Division of Administrative Law indicating the request for a hearing was withdrawn by Mr. Simmons.

8. On August 27, 2002, the Department issued a hardship restricted driver's license to Mr. Simmons. This license was set to expire on October 26, 2002.

9. On September 30, 2002, Mr. Simmons again submitted to the [sic] test in connection with another arrest for DWI. This would result in a 365 day suspension. This suspension commenced on October 30, 2002, and expired on October 30, 2003.

10. On December 6, 2002, as a result of Mr. Simmons arrest for DWI on September 30, 2002, during the time period within which Mr. Simmons had a hardship/restricted driver's license, the Department suspended Mr. Simmons' driver's license for an additional year from October 30, 2003, to October 29, 2004.

## LAW AND DISCUSSION

Louisiana Revised Statute 32:414 governing the suspension, revocation, renewal, and cancellation of licenses, and the judicial review of the same provides that the Department of Public Safety and Corrections shall suspend the license for ninety days of a person who either pleads guilty to or is found guilty of operating a vehicle while under the influence of alcohol, controlled or illegal substances. For a second offense, the statute prescribes a twelve month suspension. The statute also provides for the issuance of restricted licenses under certain conditions.

Further, La.R.S. 32:414(F)(4) (emphasis ours) provides, in pertinent part, as follows:

> The failure on the part of any person to comply with this provision shall be punishable as herein provided. *Any person denied a license or whose license has been suspended, cancelled, or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides.*

The trial court apparently agreed with Mr. Simmons that subsequent to his first arrest for DWI on January 25, 2002, he was somehow prejudiced by the alleged delays

2

and miscommunications between the DPS and the Division of Administrative Law. While that may be true, the facts establish that Mr. Simmons' license was last suspended on December 6, 2002. The record further establishes that it was not until June 25, 2003, that Mr. Simmons filed this suit challenging that suspension which had been ordered more than six (6) months earlier. Under the mandate of La.R.S. 32:414 (F)(4), Mr. Simmons had thirty days after December 6, 2002, within which to file this suit. Obviously, the thirty day period established by the statute had long expired prior to the filing of this suit.

The Defendant, DPS, did not raise the issue of prescription and, therefore, it has waived any prescriptive rights it may have had. However, if the delay period at issue is peremptive rather than prescriptive, this court may consider it even though it has not been pled.

The thirty day period to apply for judicial review has been discussed in a number of cases. In *Duke v. State, Dep't of Pub. Safety*, 424 So.2d 1262, 1263-64 (La.App. 3 Cir. 1982), this court found that a driver loses his right to judicial review if it is not timely exercised, stating the following:

> Plaintiff, Ken Duke, filed suit in district court seeking full reinstatement of his driving privileges, reduction of the suspension period from two years to one year, or issuance of a restricted drivers license. The defendant, the State through the Department of Public Safety, filed an answer and exception of no cause of action in the same pleading. At a hearing on defendant's exception of no cause of action, evidence was admitted apparently without objection. The trial court maintained the exception and dismissed the suit at plaintiff's costs. We affirm.
> . . . .
>
> Duke had received actual notice of his suspension which became effective on June 12, 1981. Duke did not seek review of the suspension in the district court within the 30 days provided for in LSA-R.S. 32:414(E), but filed this suit on May 5, 1982.
>
> . . . .

Duke also raises the argument that the procedure for suspension under LSA-R.S. 32:414 violates due process rights. However, this proceeding has been upheld in *Price v. State, Department of Public Safety*, 325 So.2d 759 (La.App. 1st Cir.1976). In that case, the court in commenting on 414 stated, "Due process requirements are met by the judicial review provided for in the foregoing statute." In the case at bar, Duke had notice of the suspension and an opportunity for timely judicial review in the district court. He did not avail himself of that opportunity.

The court in *Weems v. Dep't of Pub. Safety & Corr.*, 571 So.2d 733 (La.App. 2 Cir. 1990), addressed La.R.S. 32:667, which provides a deadline for one to seek an administrative hearing after having his license seized in connection with a DWI arrest. We find the legal analysis made by the second circuit in *Weems* to be equally applicable to La.R.S. 32:414 at issue here, i.e., the delay period is peremptive, not prescriptive. In *Weems*, 571 So.2d at 734-35, the court found:

> LSA-R.S. 32:414 establishes the procedure for suspension of a driver's license subsequent to conviction for certain offenses. LSA-R.S. 32:667 establishes the procedure for suspension of a license when a driver either refuses to submit to an approved chemical test for intoxication or the result of such a test shows a blood alcohol level of .10 or more. These are entirely different circumstances.

> LSA-R.S. 32:667 specifically provides that in the event circumstances trigger this section, the arresting officer is to seize the driver's license and issue a temporary receipt which serves as notice that the individual has not more than ten days from the date of arrest to seek an administrative hearing. LSA-R.S. 32:667 A(2).

> There appears to be no dispute that plaintiff has never sought an administrative hearing in accordance with LSA-R.S. 32:667. We thus agree with the trial court that plaintiff's action is precluded, though we conclude that the period at issue is one of peremption rather than prescription.

> The distinction between peremption and prescription is not always apparent, and the treatise writers themselves are not always in accord. *Pounds v. Schori*, 377 So.2d 1195 (La.1979). Each case is to be considered separately on its own merits with the main consideration being the purpose sought to be achieved by the particular limitation period involved. *Pounds v. Schori, supra.* The factors suggestive of a peremptive period are the existence of a claim of a public law nature and a period of less than one year. *Hebert v. Doctors Memorial Hospital*, 486 So.2d 717 (La.1986). A further characteristic of a peremptive period is

4

the existence of an underlying public interest that a certain right exist only for a limited period of time. *Hebert v. Doctors Memorial Hospital, supra*.

Subsequently, in *Green v. La. Dep't of Pub. Safety & Corr.*, 603 So.2d 800, 802 (La.App. 1 Cir. 1992)(emphasis ours), our colleagues of the first circuit commented:

> In *Weems v. Department of Public Safety & Corrections*, 571 So.2d 733 (La.App. 2d Cir.1990), the second circuit held the 10-day period set forth in R.S. 32:667(A)(2) is peremptive and thus is not subject to interruption or suspension. Two of the factors considered by the court in making this determination were (1) whether the claim is of a public law nature and (2) whether the public's interest is furthered by having the right exist for only a limited period of time. *See also* Comment, *Prescription and Peremption--The 1982 Revision of the Louisiana Civil Code*, 58 Tul.L.Rev. 593 (1983); Comment, *Legal Rights and the Passage of Time*, 41 La.L.Rev. 220 (1980).
>
> While we disagree with the *Weems* court that the applicable time period is 10 days, we agree that the time limit set forth in R.S. 32:667 is peremptive. The claim involved herein is certainly of a public law nature. *The public interest underlying the brief time period in which to request an administrative hearing is the prompt resolution of claims that driver's licenses were improperly suspended and the prompt suspension of the licenses* of those drivers who refuse the test without justification.

In comparing La.R.S. 32:667 and La.R.S. 32:414, we find that the thirty day period established by La.R.S. 32:414(F)(4) meets all the factors set out in *Weems* and *Green* necessary to be classified as a peremptive period. Those factors include: 1) the purpose sought to be achieved by the particular limitation period involved — the public interest underlying a brief time period in which to request an administrative hearing is the prompt resolution of claims that driver's licenses were improperly suspended and the prompt suspension of the licenses of drivers found to have been operating their vehicles while intoxicated; 2) the remedy is of a public law nature and available for a period of less than one year; and 3) the existence of an underlying public interest that an impaired driver's right exist only for a limited period of time. Accordingly, we find the thirty day period in La.R.S. 32:414(F)(4) is peremptive.

In *Gallo v. Gallo*, 03-794, p. 8 (La. 12/3/03), 861 So.2d 168, 174, the Louisiana

Supreme Court explained:

> This court's recognition of peremption as a concept distinct from prescription formed the basis of enactment by the legislature in 1982 of LSA-C.C. arts. 3458-3461. *See* LSA-C.C. art. 3458, Revision Cmts.--1982(b), *citing Pounds*, 377 So.2d 1195. "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." LSA-C.C. art. 3458. "The provisions on prescription governing computation of time apply to peremption." LSA-C.C. art. 3459. "Peremption may be pleaded or it may be supplied by a court on its own motion at any time prior to final judgment." LSA-C.C. art. 3460. "Peremption may not be renounced, interrupted, or suspended." LSA-C.C. art. 3461.

Therefore, since Plaintiff's petition was filed in the district court more than six

months after his license was suspended, his right to seek judicial review of that action

had been terminated by the passage of the thirty day peremptive period established by

La.R.S. 32:414(F).

For these reasons, we dismiss, with prejudice, Mr. Simmons' petition to

reinstate his license as having been perempted; we reverse the judgment of the trial

court, and we deny Mr. Simmons' motion for reimbursement. All costs of this appeal

are assessed against Appellant, Mark M. Simmons.

**PETITION DISMISSED WITH PREJUDICE; JUDGMENT REVERSED.**