NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JAC 12-1265

STATE IN THE INTEREST OF C. C. M.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC-20120437
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

REVERSED.

Stephen A. Quidd
Department of Public Safety & Corrections
P. O. Box 66614
Baton Rouge, LA 70896
(225) 925-6103
COUNSEL FOR APPELLANT:
    State of Louisiana
    Department of Public Safety & Corrections
    Office of Motor Vehicles

**Barry Joseph Sallinger**
**Attorney At Law**
**P. O. Box 2433**
**Lafayette, LA 70502**
**(337) 235-5791**
**COUNSEL FOR APPELLEE:**
     **C. C. M.**

**Michelle M. Breaux**
**Assistant District Attorney**
**Fifteenth Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 262-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PICKETT, Judge.**

The State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles (DPSC) appeals the trial court's issuance of an order that orders it to show cause why the driver's license of C.C.M., a juvenile, should not be immediately reinstated and why DPSC and/or its commissioner should not be held in contempt for violating the trial court's order to immediately reinstate the juvenile's driver's license. For the following reasons, the trial court's order is reversed.

## FACTS

C.C.M. was arrested for operating a vehicle while intoxicated (OWI) in violation of La.R.S. 14:98 on March 9, 2012. Subsequently, a juvenile proceeding seeking to have him adjudicated a delinquent was instituted. On August 27, 2012, C.C.M. formally admitted the allegations of the State's Petition. Thereafter, on September 19, 2012, the trial court issued an order that C.C.M.'s driver's license be "reinstated effective immediately." DPSC did not reinstate C.C.M.'s license when he presented the order, and C.C.M. filed a Rule to Show Cause Why Louisiana Driver's License Should Not Be Reinstated and For Contempt. As requested in the Rule, the trial court ordered DPSC to show cause "why [C.C.M.'s] license should not be immediately reinstated . . . and why [DPSC] should not be held in contempt for the willful and continued violation" of its order. DPSC suspensively appealed the trial court's order before the hearing on the Rule to Show Cause was held.

## ASSIGNMENTS OF ERROR

DPSC assigns four errors with the trial court's September 19, 2012 order:

1. The trial court erred in allowing C.C.M. to proceed against the DPSC without citation and service on it.

2. The trial court erred in allowing C.C.M. to improperly cumulate a juvenile proceeding under the Children's Code with a civil proceeding regarding the suspension of C.C.M.'s driver's license.

3. The trial court erred in signing the September 19, 2012 order without requiring ten days written notice of a hearing to the DPSC, Office of Motor Vehicles as required by La.R.S 32:414(F)(4).

4. The trial court erred in citing La. R.S. 32:430 as the authority for suspending C.C.M.'s driver's license and ordering the reinstatement of C.C.M.'s driver's license in accordance with that statute.

## DISCUSSION

The record before us is the juvenile proceeding against C.C.M. DPSC's brief contains the only facts pertaining to the civil administrative proceeding regarding the suspension of C.C.M.'s license that were put at issue in his Rule to Show Cause. C.C.M. did not file a brief herein disputing any of the facts set forth in DPSC's brief; therefore, for purposes of this appeal, we accept the facts set forth in DPSC's brief as true.

C.C.M. was arrested for violation of La.R.S. 14:98 after he submitted to a chemical test for intoxication which revealed a result of .067% blood alcohol level. Pursuant to La.R.S. 32:667[1](A)(1), C.C.M.'s driver's license was suspended at the

---

[1] Louisiana Revised Statutes 32:667 provides, in pertinent part:

A. When a law enforcement officer places a person under arrest for a violation of R.S. 14:98 . . . [and] the person . . . submits to such test and such test results show a blood alcohol level of 0.08 percent or above by weight or, if the person is under the age of twenty-one years, a blood alcohol level of 0.02 percent or above by weight, the following procedures shall apply:

time he was arrested because he was under the age of twenty-one. The arresting police officer issued C.C.M. a temporary license that was effective for fifteen days. La.R.S. 32:667(A)(1). The officer also notified C.C.M that his license would be suspended for 180 days pursuant to La.R.S. 32:667(B)(1)(a)(b) because he was under the age of twenty-one years on the date of his arrest and his blood alcohol level was over 0.02% when tested.

C.C.M. requested an administrative hearing as provided in La.R.S. 32:667(A)(2), which extended his temporary license "until the completion of administrative suspension, revocation, or cancellation proceedings." La.R.S. 32:667(D)(1). At the conclusion of the administrative hearing held July 31, 2012, the administrative law judge affirmed the suspension of C.C.M.'s license. La.R.S. 32:667(A)(1); (D)(1). C.C.M. had thirty days to seek a hearing before the district

---

(1) The officer shall seize the driver's license of the person under arrest and shall issue in its place a temporary receipt of license on a form approved by the Department of Public Safety and Corrections. Such temporary receipt shall authorize the person to whom it has been issued to operate a motor vehicle upon the public highways of this state for a period not to exceed thirty days from the date of arrest or as otherwise provided herein.

(2) The temporary receipt shall also provide and serve as notice to the person that he has not more than fifteen days from the date of arrest to make written request to the Department of Public Safety and Corrections for an administrative hearing in accordance with the provisions of R.S. 32:668.

. . . .

B. If such written request is not made by the end of the fifteen-day period, the person's license shall be suspended as follows:

(1) . . .

(b) . . . If the person was under the age of twenty-one years on the date of the test and the test results show a blood alcohol level of 0.02 percent or above by weight, his driving privileges shall be suspended for one hundred eighty days from the date of suspension.

3

court to review the suspension ordered by the administrative law judge. La.R.S. 32:668(C); La.R.S. 32:414(F)(4). He did not request such a hearing.

*Peremption*

In *Simmons v. Louisiana Department of Public Safety & Corrections, Office of Motor Vehicles*, 04-102 (La.App. 3 Cir. 5/12/04), 872 So.2d 650, another panel of this court determined that the thirty-day time period provided for in La.R.S. 32:414(F)(4) is peremptive and that the plaintiff's petition to reinstate his driver's license was preempted because he failed to seek judicial review of the administrative law judge's affirmation of his license suspension during the thirty-day time period provided therein. *See also, Lord v. La. Dep't. of Public Safety & Correc.*, 12-53 (La.App. 5 Cir. 5/31/12), 97 So.3d 1077. As noted in *Simmons*, 872 So.2d 650, peremption can be supplied by a court at any time prior to final judgment. It cannot "be renounced, interrupted, or suspended." La. Civ.Code art. 3461. "[T]he expiration of the peremptive time period destroys the cause of action itself." *Ebinger v. Venus Constr. Corp.*, 10-2516, p. 9 (La. 7/1/11), 65 So.3d 1279, 1286.

C.C.M. had thirty days from July 31, 2012, to file a petition to have the administrative law judge's affirmation of the suspension of his license reviewed. He did not; therefore, his right to have the suspension of his license reviewed was preempted, and the trial court's September 19, 2012 order is absolutely null.

*Citation and Service*

DPSC argues C.C.M. did not properly cite and serve it in this proceeding. The supreme court held in *Butler v. Department of Public Safety and Corrections*, 609 So.2d 790 (La.1992), that the suspension of a driver's license is a civil proceeding, separate from the criminal prosecution for OWI. *See also, City of*

*Broussard v. Watkins*, 03-1381 (La.App. 3 Cir. 3/31/04), 869 So.2d 962. Therefore, C.C.M. had to serve DPSC as it would in a civil proceeding. When a state agency has been sued, citation and service must be made on the attorney general and the agency head of the agency sued. La.R.S. 13:5107(A)(1). DPSC is incorporated as a legal entity separate from the state. La.R.S. 36:401.

C.C.M did not cite and serve DPSC as required by La.R.S. 13:5107(A)(1); therefore, the proceedings against DPSC are absolutely null. La.Code Civ.P. art. 1201(A).

### Improper Cumulation

In its second assignment of error, DPSC next argues that C.C.M. improperly attempted to cumulate his juvenile proceeding with the regulatory proceeding in which his driver's license was suspended. The exception of improper cumulation is a dilatory exception that must be pleaded prior to or in a party's answer. La.Code Civ.P. arts. 926, 928. Failure to raise a dilatory exception to prior or in its answer results in waiver of the exception. La.Code Civ.P. art. 926(B). Because DPSC was not cited or served, it did not have the opportunity to raise this exception. Therefore, we will consider it.

The State's Petition instituted a juvenile proceeding against C.C.M. that is conducted under the Children's Code. La.Ch.Code arts. 103, 804(1), (3). The suspension of his driver's license was a civil proceeding conducted under DPSC department regulations which would have been conducted under the Code of Civil Procedure if a petition for judicial review had been filed. *Meyer v. State, Dep't Public Safety License Control & Driver Improvement Div.*, 312 So.2d 289 (La.1975).

A plaintiff can cumulate two or more actions against the same defendant if each action "is within the jurisdiction of the court and is brought in the proper venue[,]" and the cumulated actions "are mutually consistent and employ the same form of procedure." La.Code Civ.P. art. 462. Accordingly, C.C.M's attempt to join his juvenile proceeding and the regulatory proceeding was improper.

Moreover, pursuant to La.R.S. 32:414(F)(4), a trial court is not vested with jurisdiction to review the suspension of a driver's license unless the driver files an application seeking review with the trial court within thirty days of his license being suspended. C.C.M. did not file such an application with the trial court. Therefore, the trial court did not have jurisdiction to review the suspension of C.C.M.'s license, and the request for the order should have been dismissed. La.Code Civ.P. art. 464.

*Written Notice*

In its third assignment of error, DPSC argues the trial court improperly issued the September 19, 2012 order because it did not require a ten day written notice to DPSC. DPSC relies on provisions contained in La.R.S. 32:668(C) and La.R.S. 32:414. Pursuant to La.R.S. 32:668(C), C.C.M had "the right to file a petition in the appropriate court for a review of the final order" suspending his license, as provided in La.R.S. 32:414. If C.C.M. had filed a petition for review, the trial court in which it was filed could have "set the matter for hearing in open court upon ten days' written notice to the department." La.R.S. 32:414(F)(4). Without notice of the hearing, DPSC was denied its procedural due process right to be heard, and the September 19, 2012 order should not have been issued against it. U.S. Const. amend. XIV; *Miller v. Crescent City Health Care Ctr*., 11-403 (La. 11/9/11), 78 So.3d 219.

***Authority Granted by La.R.S. 32:430***

Lastly, DPSC assigns error with the trial court's reliance on La.R.S. 32:430 as authority for ordering DPSC to reinstate C.C.M.'s driver's license. Section 430 addresses orders issued by a trial court to DPSC to suspend, revoke, or deny driving privileges after the driver was convicted in that court of an offense enumerated therein. Section 430 also provides for a trial court to withdraw an order it issued thereunder in which case DPSC would reinstate a driver's driving privileges. La.R.S. 32:430(D). As argued by DPSC, La.R.S. 32:430 does not authorize a trial court to reinstate driving privileges suspended pursuant to La.R.S. 32:667, 668 and La.R.S. 32:430. Therefore, it cannot serve as authority for the trial court's issuance of its September 19, 2012 order.

## DISPOSITION

For the reasons discussed, the order of the trial court is reversed. Costs of this proceeding are assessed to C.C.M.

**REVERSED.**