NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-462

JAMES EDWARD KNIGHT

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY
& CORRECTIONS, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 84010
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Van H. Kyzar, Judges.

AFFIRMED.

J. Lomax Jordan, Jr.
Victor R. A. Ashy
Attorney at Law
1817 West University Avenue
Lafayette, LA 70506
(337) 233-9984
COUNSEL FOR PLAINTIFF-APPELLANT:
    James Edward Knight

**Laura C. Hopes**
**State of Louisiana, Department of Public Safety**
**and Corrections, Office of Motor Vehicles**
**Post Office Box 66614**
**Baton Rouge, LA 70896**
**(225) 925-4404**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **State of Louisiana, Department of Public Safety**
    **and Corrections, Office of Motor Vehicles**


**Kenneth M. Henke**
**Oats & Marino**
**100 E. Vermilion Street, Suite 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Lafayette City-Parish Consolidated Government**

**PICKETT, Judge.**

A licensed driver appeals the trial court's judgment dismissing the lawsuit in which he sought review of the one-year suspension of his driver's license. For the following reasons, we affirm the trial court's judgment.

**FACTS**

On April 23, 2014, James Edward Knight was involved in an accident when the car he was driving crossed the center line of St. Landry Street in Lafayette and collided with another vehicle. Upon observing him at the accident scene, the investigating officer suspected that Mr. Knight had been driving while intoxicated in violation of La.R.S. 14:98. Mr. Knight willingly submitted to a breathalyzer test for alcohol use, which registered a 0.00% blood alcohol content (BAC). Another officer at the scene observed Mr. Knight drop four white pills to the ground that were determined to be Xanax, and the investigating officer then asked Mr. Knight to submit to a blood and/or urine test. Mr. Knight refused to submit to a chemical test, and he was arrested for DWI first offense for refusing to submit to the chemical test.

Upon being arrested, Mr. Knight's driver's license was seized by the arresting officer. Pursuant to La.R.S. 32:667(A)(2), Mr. Knight was issued a temporary receipt that authorized him to operate a motor vehicle for a period not to exceed thirty days and explained his right to request an administrative hearing as provided in La.R.S. 32:668. On May 8, 2014, counsel for Mr. Knight timely requested a hearing. The Division of Administrative Law (DAL) notified Mr. Knight's counsel of the administrative law hearing by letter dated June 13, 2014.

After the requested administrative hearing was held, the Administrative Law Judge (ALJ) who conducted the hearing issued a Decision and Order on July 25, 2014, affirming the suspension of Mr. Knight's driving privileges. That same day, the DAL Clerk of Court certified that a copy of the Decision and Order was transmitted to all parties. Three days later, on July 28, 2014, the Department of Public Safety (DPS) mailed a letter to Mr. Knight confirming its receipt of the ALJ's Decision and Order and notifying him that the suspension of his driving privileges would begin on August 25, 2014. According to a notation on the letter, the DPS sent a copy of the letter to counsel for Mr. Knight.

On May 26, 2016, Mr. Knight filed a "Petition for Declaratory Judgment, and/or Petition for Judicial Review of Final Adjudication, and for Stay Order Pursuant to Louisiana R.S. 32:414 and 668, R.S. 32:415.1, or alternatively, for other Declaratory Relief," seeking to have his suspension overturned and to have his driving record corrected. The trial court issued a stay order, interrupting the suspension of Mr. Knight's driving privileges.

The DPS filed an exception of no right of action. After a hearing, the trial court granted the exception, finding that the copy of the Decision and Order sent to all parties on July 25, 2014, constituted notice of the suspension of Mr. Knight's driver's license. Mr. Knight appealed.

## ASSIGNMENTS OF ERROR

Mr. Knight assigns one error with the trial court's grant of the DPS's exception:

> The trial court manifestly erred by granting the peremptory exception and dismissing plaintiff-appellant's petition because clearly the requirements of LSA-R.S. 32:414(F)(3) were not met inasmuch as evidence admitted at the hearing on the exception showed:
>
> 1. The [DPS] did not notify the licensee of the particulars of a suspension of driving privileges (how

2

long, what was the basis, etc.) as required by the Administrative Procedures Act (R.S. 49:950 et seq.);

2. The [DPS] did not send a suspension notification letter by certified mail as required by LSA-R.S. 32:414(F)(3); and,

3. No evidence was submitted by the DPS to prove the address last given by Knight to the department (the record simply is silent.)

## DISCUSSION

### *No Right of Action*

An exception of no right of action is raised through a peremptory exception pursuant to La.Code Civ.P. art. 927. The purpose of the exception of no right of action is to determine "whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Reese v. State, Dep't of Pub. Safety & Corr.*, 03-1615, pp. 2-3 (La. 2/20/04), 866 So.2d 244, 246. This determination is a question of law which we review de novo. *Horrell v. Horrell*, 99-1093 (La.App. 1 Cir. 10/6/00); 808 So.2d 363, *writ denied*, 01-2546 (La.12/7/01); 803 So.2d 971.

When reviewing a trial court's ruling on an exception of no right of action, appellate courts "should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, p. 7 (La. 10/25/11), 79 So.3d 246, 256.

Pursuant to Section 668(C)(1), Mr. Knight had a right to file a petition for review of the DPS's final order suspending his license "in the same manner and under same conditions as is provided in R.S. 32:414." The delay for filing an application for review with the district court is thirty days. La.R.S. 32:414(F)(4).

3

Mr. Knight acknowledges that the thirty-day delay provided in Section 414 peremptive. *See Simmons v. La. Dep't of Pub. Safety & Corr., Office of Motor Vehicles*, 04-102 (La.App. 3 Cir. 5/12/04), 872 So.2d 650. "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La.Civ.Code art. 3458. "Peremption may not be renounced, interrupted, or suspended." La.Civ.Code art. 3461.

Mr. Knight's petition was filed more than thirty days after his license was suspended; therefore, if the DPS followed the procedures required by law to suspend Mr. Knight's license and provided him notice of the thirty-day delay provided by Section 668, his right to seek review of the DPS's Decision and Order was extinguished and no longer existed when he filed his petition.

### *Were the Requirements of La.R.S. 32:414(F)(3) Satisfied?*

Mr. Knight's assignment of error is three pronged. The first prong of his assignment is that the notice regarding his administrative hearing failed to satisfy the requirements set forth by the Administrative Procedure Act, La.R.S. 49:950-974. Mr. Knight asserts that the notice of his administrative hearing did not give him notice of the particular details of the suspension of his driving privileges, specifically, "how long, what was the basis, etc." Mr. Knight, however, does not brief this prong of his assigned error, i.e., he does not present any argument setting forth the basis and/or legal support for this claim. Uniform Rules—Courts of Appeal, Rule 2–12.4(B)(4) states: "All assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed." Accordingly, we dismiss this prong of Mr. Knight's assignment of error.

4

In the second prong of his assigned of error, Mr. Knight argues that pursuant to Subsection 414(F)(3), the legal delays for his filing an appeal with the trial court did not begin to run on July 28, 2014, when the DPS mailed a letter to Mr. Knight confirming the suspension of his driving privileges because that letter was not sent by certified mail. Subsection 414(F)(3) requires that the DPS notify "[a]ny person whose license has been suspended . . . in writing," and that the notice be sent by certified mail.

The DPS argues that it was not required to send the notice by certified mail because Mr. Knight's license was suspended pursuant to the provisions of Section 667, not Section 414. Section 667 governs the suspension of the driver's licenses of persons arrested for operating a vehicle while intoxicated for their refusal to submit to an approved chemical test for intoxication, the issuance of a temporary license, and the right to request an administrative hearing, while Section 414 governs the suspension of driver's licenses of drivers convicted of operating a vehicle while intoxicated. Section 668, not Section 667, provides for judicial review after an administrative hearing.

The DPS cites *Weems v. Department of Public Safety & Corrections*, (La.App. 2 Cir. 1990), 571 So.2d 733, as support for its argument. *Weems* is factually distinguishable from this case and is not applicable to the facts before us. In *Weems*, the court specifically noted that the plaintiff had not sought an administrative hearing in accordance with Section 667. The issue before this court, however, is whether Mr. Knight timely filed his request for judicial review of the DPS's suspension of his license *after* an administrative hearing and the ALJ's decision affirming the suspension of his driver's license as provided in Section 668.

5

Section 668 (emphasis added) provides the "Procedure following revocation or denial of license, hearing, court review, review of final order; restricted licenses" and states, in pertinent part:

> A. Upon suspending the license or permit to drive or nonresident operating privilege of any person or upon determining that the issuance of a license or permit shall be denied to the person, the Department of Public Safety and Corrections *shall immediately notify the person in writing* and upon his request shall afford him an opportunity for a hearing based upon the department's records or other evidence admitted at the hearing, and *in the same manner and under the same conditions as is provided in R.S. 32:414 for notification* and hearings in the case of suspension of licenses[.]

Section 668(A) specifically provides that written notice is to be given "in the same manner and under the same conditions as provided in Section 414 for notification," i.e., notice by certified mail. La.R.S 32:414(F)(3). *See also, Areaux v. Dep't of Pub. Safety*, 297 So.2d 684(La.App. 4 Cir. 1974); *Harrison v. State, Dep't of Pub. Safety, Drivers License Div.*, 298 So.2d 312 (La.App. 4 Cir.), *writ denied*, 300 So.2d 840(La.1974).

It has long been held that notice to an attorney of record is notice to the client. *Barber v. Testa*, 331 So.2d 139 (La.App. 3 Cir.1976) (citing *Martin v. White*, 219 So.2d 219 (La.App. 1 Cir. 1969)). *See also*, *York v. Succession of Polk*, 07-1539 (La.App. 3 Cir. 5/28/08), 983 So.2d 1001. "Even if actual notice is required . . . plaintiffs' attorney had actual notice[,] and they are chargeable with the same notice." *Barber*, 331 So.2d at 140.

Mr. Knight argues that the DPS did not mail notice of the suspension of his license to him by certified mail, but he does not dispute that his attorney received notice of the ALJ's Decision and Order and the DPS's notice of suspension of his license. Counsel's notice of the suspension of Mr. Knight's license is imputed to Mr. Knight. *Id.* For these reasons, we find that the delay for filing suit in the district court as provided in Section 668(C) began running no later than his

6

counsel's receipt of the DPS's letter to Mr. Knight suspending his license. Although the specific date of counsel's receipt of notice has not been established, it is unreasonable to believe that counsel did not receive notice of the ALJ's Decision and Order and/or the DPS's notice of suspension of Mr. Knight's license near the dates on which they were transmitted. Accordingly, considering the extended delay of twenty-two months in filing suit, we conclude that Mr. Knight's right of action for judicial review no longer existed when he filed suit and that the trial court did not err in granting the DPS's exception of no right of action.

Having determined that the DPS's notice to Mr. Knight's counsel of the suspension of his driver's license is imputed to Mr. Knight, we need not address the third prong of his assignment of error that the DPS did not prove it gave Mr. Knight notice at the address last given by him.

## DISPOSITION

The judgment of the trial court dismissing James Edward Knight's Petition is affirmed. All costs are assessed to James Edward Knight.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.