| [GUIDRY, Chief Judge.
Defendant, the State of Louisiana through the Department of Public Safety (DPS), appeals the trial court judgment awarding plaintiff, Edward A. Carroll, III, unrestricted driving privileges.
FACTS
On July 14, 1993, plaintiff, a resident of Rapides Parish, Louisiana, was convicted of first offense DWI in the State of Tennessee. Subsequently, by notice dated November 12, 1993, DPS notified plaintiff that his driver’s license was being suspended as a result of the Tennessee conviction.
Plaintiff, a physical education instructor and baseball coach at | aAlexandria Country Day School, thereafter attempted to secure a restricted license from DPS. Despite repeated attempts to obtain a restricted license, plaintiffs efforts were unsuccessful.
Consequently, on November 23, 1993, plaintiff filed a “Petition for a Temporary Restraining Order, Injunction, and Alternative Relief’. After conducting a hearing in this matter, the trial court ruled that plaintiff had established his entitlement to a restricted operator’s license; however, the trial court then proceeded to find that the 90 day term for such restriction had already expired since it began to run from the date of his conviction in the State of Tennessee, i.e., July 14, 1993. Therefore, the trial court concluded that plaintiff was entitled to unrestricted driving privileges. DPS appeals.
OPINION
The trial court found that under a strict reading of La.R.S. 32:414, plaintiff was entitled to an unrestricted driver’s license. La. R.S. 32:414 provides in pertinent part as follows:
A. (1) The department shall suspend the license of any person for a period of 90 days upon receiving, from any district, city, or municipal court, of this state or of any other state, having traffic jurisdiction, or from any federal court or magistrate having traffic jurisdiction within the territorial limits of the state, satisfactory evidence of the conviction or of the entry of a plea of guilty or nolo contendré and sentence thereupon or of the forfeiture of bail of any such person charged with the first offense for operating a motor vehicle while under the influence of beverages of high alcoholic content, of low alcoholic content, of narcotic drugs, or of central nervous stimulants. The department shall promptly investigate an allegation made by such licensee that the suspension of his driving privileges will deprive him or his family of the necessities of life, or will prevent him from earning a livelihood. If the department so finds, it may reinstate the license of such licensee; however, such suspension and reinstatement shall be considered as a first suspension and grant of restrictive driving privileges for the purposes of R.S. 32:414.1 and the driving privileges of the licensee shall be restricted as provided in R.S. 32:415.1 for a period of 90 days from the date of conviction |8or the entry of a plea of guilty or nolo contendré and sentence thereupon or of the forfeiture of bail. Notice of the restriction shall be attached to the license.
******
G. Any period of suspension or revocation under this Chapter shall begin upon receipt by the department of the operator’s license of the person affected, upon the expiration of the operator’s license, or upon proof of loss.”
In arriving at its decision, the trial court reasoned that, because plaintiff had established at the hearing his entitlement to a restricted operator’s license, the term of restriction began to run from the date of his conviction in Tennessee, i.e. July 14, 1993 as provided for by 32:414A. The trial court concluded that the State could no longer *605 restrict plaintiffs driving privileges inasmuch as the term for such restriction had expired.
On appeal, DPS does not take issue with the trial court’s finding that plaintiff established a need for a restricted license. DPS instead takes issue with the trial court’s ruling that the 90 day term for restriction began to run on the date of plaintiffs conviction and thus the term for such restriction had already expired entitling plaintiff to an unrestricted driver’s license. Specifically, DPS contends that the trial court erred in its construction of the relevant provisions of La. R.S. 32:414. In its brief, DPS states that “[o]n its fade, the cited provisions of R.S. 32:414 [Sections A(l) and G] appear to be in conflict with one another”. DPS, relying on Article 9 of our Civil Code as authority for its position, adds that the two sections can be read together “... so as to remove the conflict if a suspension for a [DWI] is held to begin on the date of conviction when the department has received the operator’s license of the person affected before the date of conviction ... However, where the [DWI] ... conviction take[s] place in another state where the license is not ^seized, then it would be absurd to hold that the suspension begins on the date of conviction”.
Plaintiff responds to DPS’ argument by asserting that the statute in question is a penal statute and therefore must be strictly construed. As such, plaintiff asserts that Section A(l) must be applied as written and cannot be modified by attempting to reconcile Sections A(l) and G.
La.R.S. 32:414G specifically provides that the 90 day period for suspension of driving privileges will commence when DPS receives the operator’s license. On the other hand, La.R.S. 32:414A, which provides for the period during which a suspended licensee’s driving privileges shall be restricted, specifically provides that such period commences on the date of conviction. Presumably, the legislature intended that the 90 day suspension of an individual’s license and the grant of restricted driving privileges would be during a simultaneous 90 day period. However, as this ease illustrates, strict construction of La.R.S. 32:414A and G allows for a period of license suspension and the grant of restricted driving privileges during periods which are not simultaneous.
In Owen v. State, Department of Public Safety and Corrections, 631 So.2d 32 (La.App. 2nd Cir.1994), the court made the following observations in considering the meaning of a statutory provision concerning suspension of an operator’s license:
Determination of legislative intent is the paramount consideration in statutory interpretation. Courts should construe statutes to give them the meaning intended by the legislature and to avoid absurd results. State, Department of Social Services v. Parker, 595 So.2d 815 (La.App.2d Cir.1992). To determine the meaning and intent of a particular provision within a statute, the court must consider the entirety of the statute and other laws on the same subject matter. A construction should be placed on the provision |5which is consistent with the express terms of the statute and with the obvious intent of the legislature. Hayden v. Richland Parish School Board, 554 So.2d 164 (La.App.2d Cir.1989). In determining the purpose the legislature had in view, where doubt exists, the title of the statute may be considered, although it can not be used in enlarging the text. Melancon v. Mizell, 216 La. 711, 44 So.2d 826 (1950).
Penal statutes must be strictly construed. State v. Russland Enterprises, 555 So.2d 1365 (La.1990). Any doubt concerning the coverage of a penal statute should be decided in favor of the accused and against the state. Under these interpretive principles, statutory provisions which result in the suspension of a driver’s license must be strictly construed and any ambiguity must be interpreted in favor of the holder of the license and against the state.
As aforestated, there is no dispute that plaintiff demonstrated his entitlement to a restricted operator’s license. DPS concedes as much. Therefore, the only issue on appeal concerns whether the term for restriction of plaintiffs license had expired at the time of the hearing in the trial court.
In view of the penal nature of the statutory provisions in question, we are constrained to *606 agree with the trial court’s ruling. It is within the province of the legislature to amend La.R.S. 32:414A(1) should it desire to have the term of restriction run from the date of suspension, whatever that date may be, instead of from the date of conviction. As written, it is clear under La.R.S. 32:414A(1) that the term of restriction extends for a period of 90 days from the date of conviction. Since 90 days had already passed from the date of plaintiffs conviction to the date of the trial court hearing, the trial court was correct, under La.R.S. 32:414A(1), in ruling that plaintiffs license could no longer be restricted since the time limitation for such had expired.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.