JUDE G. GRAVOIS Judge.
^Appellant, the Louisiana Department of Public Safety and Corrections (the “Department”), appeals a judgment that *1078 granted the plaintiff, Robert J. Lord’s, Petition for Writ of Mandamus, ordering that his driving privileges be reinstated. On appeal, the Department argues that the trial court erred in denying its peremptory exception of no right of action, in allowing the mandamus action to go forward, and for ruling in favor of plaintiff.
We find that plaintiffs cause of action for judicial review of the Department’s suspension of his driver’s license was per-empted at the time he filed his Petition for Writ of Mandamus. Accordingly, we reverse the judgment of the trial court and dismiss plaintiffs Petition for Writ for Mandamus, with prejudice.

FACTS AND PROCEDURAL HISTORY

On October 11, 2011, plaintiff filed a Petition for Writ of Mandamus naming the Department as the defendant, alleging that on September 20, 2011, he received a letter from the Department (dated and mailed on September 6, 2011) notifying |shim that his driving privileges were suspended for one year until September 5, 2012 as a result of his alleged conviction on November 9, 2004 in the State of Florida for driving while intoxicated. Such suspension was made pursuant to LSA-R.S. 32:414. The letter plaintiff received from the Department, a copy of which was attached to his petition, included the following notice:
You may present evidence challenging the legality of the suspension and/or disqualification by filing a petition in the District Court in the Parish where you reside, -within 30 days of the date of this notice.
Citing the time provisions of LSA-R.S. 32:414(G),[1] plaintiff in his mandamus petition argued that his suspension under this statute had long since commenced and run. Alternatively, he argued that he was entitled to the immediate reinstatement of his driving privileges because more than one year had elapsed since the date of his alleged conviction in Florida, citing Carroll v. La. Dept, of Public Safety, 94-444 (La.App. 3 Cir.1994), 647 So.2d 603.
The trial court set a hearing on plaintiffs mandamus petition on October 27, 2011. The Department did not file any responsive pleadings. Following the hearing, the trial court ruled from the bench that plaintiff was entitled to the immediate reinstatement of his driving privileges. This appeal by the Department followed.
On appeal, the Department argues that the trial court erred in denying its peremptory exception made in open court. The Department also argues that the trial court erred in allowing the mandamus petition to be heard, and for ruling in plaintiffs favor on the merits.

^ANALYSIS

In its first assignment of error, the Department argues that the trial court erred in denying its peremptory exception of no right of action based on peremption, on the basis that plaintiff failed to seek judicial review of the order suspending his driver’s license within the thirty-day time period provided for in LSA-R.S. 32414(F)(4).
As noted above, the Department did not file any exceptions or other written responsive pleadings in the trial court. It did urge orally, however, an exception of peremption at the hearing held in this matter.[2] An exception, as a means of de *1079 fense used to defeat the demand, must be in written form and comply with the forms of pleadings. LSA-C.C.P. arts. 921-924; T.P. Homes, Inc. v. Taylor, 08-392 (La.App. 5 Cir. 10/28/08), 1 So.3d 507. Even if the orally-made exception of peremption was not properly before the trial court or considered by it, we find merit to the Department’s contention that the matter is perempted as a matter of law. Peremption may be pleaded or it may be supplied by a court on its own motion at any time prior to final judgment. LSA-C.C. art. 3460. Thus, being empowered to supply the exception of peremption on our own motion at any time prior to final judgment, we make the following findings and conclusions that require the reversal of the trial court’s judgment under review.
Paragraph F(4) of LSA-R.S. 32:414 states that a person receiving a notice of suspension “shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides” ... “to determine whether the person is entitled to a license or is subject to | ^suspension, cancellation, or revocation of license under the provisions of this Chapter.” Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. LSA-C.C. art. 3458. Peremption may not be renounced, interrupted, or suspended. LSA-C.C. art. 3461. In Simmons v. La. Dept, of Public Safety & Corrections, 04-102 (La.App. 3 Cir. 5/12/04), 872 So.2d 650, the Third Circuit determined, after a thorough analysis, that the thirty-day time period provided for in LSA-R.S. 32:414(F)(4) was peremptive, and that Mr. Simmons’s petition to reinstate his driver’s license was perempted where he failed to seek judicial review during the thirty-day time period. We likewise find that the thirty-day time period provided for in LSA-R.S. 32:414(F)(4) is peremptive.
In his mandamus petition, plaintiff admitted that he received the statutory suspension notice as per LSA-R.S. 32:414(F)(3) on September 20, 2011, but offered no explanation as to why he delayed filing his mandamus petition past the thirty-day time period. He merely offered that he was entitled to file a mandamus proceeding because under LSA-R.S. 32:414(G), the period of suspension applicable to his situation had long since commenced and run. Plaintiff seemed to argue, and the trial court appeared to hold, that his use of the mandamus action cured his failure to file his petition for judicial review within the thirty-day time period. He also argues that LSA-R.S. 32:414 does not specify whether an ordinary proceeding or a summary proceeding is to be used to challenge a suspension issued under this statute.[3]
Plaintiff is correct in his argument that the statute does not specify whether an ordinary proceeding or a summary proceeding is to be used to challenge a | ^suspension issued under LSA-R.S. 32:414. The language contained in paragraph (F)(4) of that statute, however, suggests that the judicial review could be had *1080 by use of a summary proceeding: “[the] court is vested with jurisdiction to set the matter for hearing in open court upon ten days’ written notice to the department....” Plaintiff appears to lump all “summary” and “mandamus” proceedings together. There are many different kinds of summary proceedings, however, of which mandamus is only one.[4] The fact that LSA-R.S. 32:414 seems to allow the use of summary proceedings for judicial review of a license suspension does not equate to authorizing the use of a mandamus proceeding therefor.
A mandamus proceeding is a specific type of summary proceeding to which specific rules apply that do not apply to all summary proceedings. “A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice;.... ” LSA-C.C.P. art. 3862. “A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law,-” LSA-C.C.P. art. 3863. Mandamus is an extraordinary remedy which is used sparingly by the courts to compel something that is clearly provided by law, and only where it is the sole available remedy or where the delay occasioned by the use of any other remedy would cause an injustice. Mandamus lies only to compel performance of purely ministerial duties. Jurisprudence is clear that such writ may not issue to compel performance of an act which contains any element of discretion, however slight. Webre v. Wilson, 95-1281, p. 9-10 (La.App. 1 Cir. 4/4/96), 672 So.2d 1124, 1130. Further, mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty which ought to be performed. It never issues in doubtful cases. Thornton ex rel. Laneco | Construction Systems, Inc. v. Lanehart, 97-1995 (La.App. 1 Cir. 12/28/98), 723 So.2d 1118, 1122, writ denied, 99-0276 (La.3/19/99), 740 So.2d 121.
Plaintiff has cited no authority for the proposition that he may overcome the peremptive time period set forth in LSA-R.S. 32:414(F)(4) by filing a mandamus petition for judicial review of the notice of his driver’s license suspension after the peremptive time period has run. As noted above, peremption may not be interrupted, suspended, or renounced. Further, plaintiffs entitlement to reinstatement of his driver’s license based upon the alleged running of any of the time periods set forth in paragraph (G) of LSA-R.S. 32:414 is not a ministerial duty of the Department or a clear and specific legal right that plaintiff, upon the face of the petition, is entitled to have enforced. Nor is plaintiffs right to judicial review of his suspension a ministerial duty of the Department if the request for review is filed after the peremptive time period has run.
Accordingly, we find that, because he failed to file within the time period provided for in LSA-R.S. 32:414(F)(4), plaintiffs cause of action for judicial review of the suspension of his driver’s license was per-empted at the time he filed his Petition for Writ of Mandamus.

CONCLUSION

For the above reasons, we reverse the judgment of the trial court and dismiss, with prejudice, plaintiffs Petition for Writ of Mandamus.

REVERSED

. LSA-R.S. 32:414(G) states:
G. Any period of suspension or revocation under this Chapter shall begin upon receipt by the department of the operator’s license or proof of its loss, upon the expiration of the operator's license, or thirty days after the date the notice of suspension is mailed to the licensee by the department, whichever occurs first.

. In brief, the Department characterizes the exception as an exception of no right of action *1079 based upon peremption. However, the exception pleading peremption is properly an exception of no cause of action, or even a peremptory exception of prescription, not an exception of no right of action. See Bardwell v. Faust, 06-1472 (La.App. 1 Cir. 5/4/07), 962 So.2d 13. Given that no exception was actually filed in this case, this distinction makes no difference in this Court’s analysis of this case, however, and is merely mentioned here for informational purposes,

. Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings. LSA-C.C.P. art. 2591.

. See LSA-C.C.P. art. 2592 for a list of the many different kinds of summary proceedings.