**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0048

DARRELL J. DOGUET

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS,
OFFICE OF MOTOR VEHICLES

Judgment rendered: ___**NOV 0 9 2020**___

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
No. 161089, Div. "F"

The Honorable Elizabeth P. Wolfe, Judge Presiding

* * * * *

| | |
|---|---|
| Mary E. Heck Barrios<br>Denham Springs, Louisiana | Attorney for Plaintiff/Appellant<br>Darrell J. Doguet |
| Stephen A. Quidd<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections, Office of<br>Motor Vehicles |

* * * * *

**BEFORE:  McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**HOLDRIDGE, J.**

Darrell J. Doguet seeks review of a district court judgment sustaining a peremptory exception raising the objection of no right of action filed by the State of Louisiana, through the Department of Public Safety and Corrections, Office of Motor Vehicles Department, on the basis of peremption, and thereby affirming the suspension and disqualification of Doguet's commercial driver's license. For the following reasons, we reverse the judgment of the district court and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Doguet was arrested on the morning of April 14, 2018 at North Oaks Hospital in Hammond, Louisiana, for suspicion of operating a vehicle while intoxicated. Several hours earlier, Doguet was transported by ambulance to the hospital after a Livingston Parish Sheriff's Deputy found him unresponsive and visibly injured in a ditch near an overturned all-terrain vehicle. Because a subsequent chemical test for intoxication[1] indicated a blood alcohol concentration exceeding the legal limit, the Department sought to suspend Doguet's driving privileges.

Doguet timely sought an administrative hearing concerning the proposed suspension. An administrative law judge (ALJ) conducted a telephone hearing on August 20, 2018. Doguet's counsel was present on his behalf and waived his appearance. The Department had previously submitted its records relating to the suspension and did not participate in the hearing. The records were admitted into evidence without objection. After taking the matter under advisement, the ALJ affirmed the proposed suspension on August 30, 2018. Attached to the ALJ's

---

[1] Doguet could not refuse a chemical test for intoxication because he suffered serious bodily injury in the accident. La. R.S. 32:666(A). As such, the blood alcohol test was performed pursuant to a search warrant obtained for that purpose.

2

seven-page decision and order was a page entitled "Review Rights," which stated as follows:

> Please be advised that you may be entitled to a rehearing or reconsideration of this decision within 10 days of the date of this transmission, if you can establish that one of the legal grounds listed in La. R.S. 49:959 is applicable to your case. Requests for a rehearing or reconsideration must be received by the Division of Administrative Law within 10 days of the date of this transmission. You may fax your request ... or email it ....

Notice of the decision and order was sent to all parties on August 31, 2018. Doguet filed a motion for rehearing and reconsideration in accordance therewith and pursuant to the provisions of La. R.S. 49:959. The Division of Administrative Law (DAL) denied the motion.[2]

On October 19, 2018, Doguet filed a petition in the Twenty-First Judicial District Court pursuant to La. R.S. 32:414(F)(4), seeking a *de novo* review of the order suspending his commercial driver's license. On December 4, 2018, the Department filed a peremptory exception raising the objection of no right of action, arguing that the statute's thirty-day peremptive period for seeking judicial review expired prior to Doguet's filing of the petition. According to the Department, the thirty-day peremptive period began to run on August 31, 2018, the date of notice of the ALJ's decision. The Department claimed Doguet's right to judicial review was extinguished before he filed his petition, and the matter was perempted.

Doguet opposed the exception, arguing the thirty-day peremptive period did not begin to run until a final decision was rendered by the DAL. The DAL denied the motion for rehearing by order issued October 2, 2018. Doguet thus claimed his petition filed on October 19, 2018 was filed well within the thirty-day peremptive period.

---

[2] Neither the rehearing request nor the DAL's ruling on the same is included in the record before us. It is undisputed, however, that Doguet filed a timely motion for rehearing that was denied.

3

The district court held a hearing on June 12, 2019. The testimony and documentary evidence introduced that day primarily concerned the validity of the search warrant obtained to withdraw a sample of Doguet's blood following his arrest on suspicion of DWI. The Department's peremptory exception raising the objection of no right of action was not addressed at that time. At the conclusion of the trial, the district court took the matter under advisement.

Thereafter, the parties returned to court on July 16, 2019. In response to questions posed by the court, the parties presented arguments on the issue of the timeliness of Doguet's petition for judicial review. The Department informed the court that it was not disputing the fact that Doguet filed a request for reconsideration or the date the request was denied. Rather, the Department asserted that since it did not receive notice, Doguet should not "get credit for a request for rehearing," The Department admitted it did not know whether it would have responded to the rehearing request, but pointed out that it did not have the opportunity to do so. In response, Doguet claimed he complied with DAL's online instructions, which only required sending the rehearing request by email. Further, he noted, "we didn't even know there was anybody from the Department at that point, because we were dealing with the Division of Administrative Law."

Following counsels' arguments, the district court noted that the Department did not receive notice of Doguet's motion for rehearing, so it had no opportunity to oppose it. As such, the court found the motion to reconsider did not "interrupt the [peremptive] period nor would it start the peremptive period again." Thus, the district court concluded that the thirty-day peremptive period ran from the DAL's initial ruling on August 31, 2018, and Doguet's petition for judicial review was perempted. Accordingly, the district court granted the Department's peremptory exception raising the objection of no right of action and dismissed Doguet's

petition for review. The court signed a judgment to that effect on August 12, 2019, thereby affirming the suspension and disqualification of Doguet's commercial driver's license. From this judgment, Doguet appeals.

## LAW AND DISCUSSION

The Tests for Suspected Drunken Drivers law, La. R.S. 32:661-668, addresses the testing of persons suspected of operating motor vehicles while under the influence of alcoholic beverages or controlled dangerous substances and provides sanctions for persons who refuse to submit to a chemical test for intoxication or who submit to a chemical test, the results of which are presumptive of intoxication. **Flynn v. State, Department of Public Safety & Correction**, 608 So.2d 994, 995 (La. 1992). The statutes also provide the administrative procedures for sanctioning such persons and for review of such decisions. *Id*.

Louisiana Revised Statutes 32:667 authorizes law enforcement officers to seize the driver's license and issue a temporary receipt when a person has been arrested for DWI and either refuses a chemical test or takes a test that results in a finding of a blood alcohol level presumptive of intoxication. A person may then request an administrative hearing under La. R.S. 32:668(A). If the person then seeks review of the administrative decision, La. R.S. 32:668(C)(1) provides:

> After a person has exhausted his remedies with the department, he shall have the right to file a petition in the appropriate court for a review of the *final order of suspension or denial* by the Department of Public Safety and Corrections in the same manner and under the same conditions as is provided in [La.] R.S. 32:414 in the cases of suspension, revocation, and cancellation of licenses. The court in its review of the *final order of suspension or denial* by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted non-commercial driving privileges where appropriate as provided in Subsection B of this Section. (Emphasis added.)

The above statute's reference to La. R.S. 32:414 is comparable to the statute for the procedure following withdrawal of driving privileges after a *conviction* for

5

driving while intoxicated or some other driving offense. Louisiana Revised Statutes 32:414(F)(4) provides, in pertinent part:

> ... Any person denied a license or whose license has been suspended, cancelled, or revoked shall have the right to file an application *within thirty days* thereafter for a hearing before the district court of the parish in which the applicant resides. That court is vested with jurisdiction to set the matter for hearing in open court upon ten days' written notice to the department and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Chapter. Appeal from the decision of the district court may be taken to any court of competent appellate jurisdiction. (Emphasis added.)

The thirty-day time period provided for in La. R.S. 32:414(F)(4) is peremptive. **Knight v. State, Department of Public Safety & Corrections,** 2017-462 (La. App. 3 Cir. 12/13/17), 2017 WL 6372252, at *2 (unpublished), writ denied, 2018-0089 (La. 3/9/18), 247 So.3d 115; **State in Interest of C.C.M.,** 2012-1265 (La. App. 3 Cir. 4/3/13), 2013 WL 1324413, at *2 (unpublished); See also, **Lord v. Louisiana Department of Public Safety and Corrections,** 2012-53 (La. App. 5 Cir. 5/31/12), 97 So.3d 1077, 1080. This means that both the underlying cause of action and the legal right to bring that cause of action to court dissolve at the end of the specified periods of time and may not be renounced, interrupted, or suspended in accordance with La. C.C. arts. 3458 and 3461.[3] **Cooper v. Poss,** 2019-0366 (La. App. 1 Cir. 11/20/19), 2019 WL 6167835, at *4 (unpublished).

An administrative hearing requested under the provisions of La. R.S. 32:667 and 668 falls under the Administrative Procedure Act (APA), La. R.S. 49:950 *et seq.* **Brown v. State, Dept. of Public Safety, License Control and Driver Imp. Div.,** 2011-1224 (La. App. 1 Cir. 6/1/12), 2012 WL 1986505, at *2 n.7

---

[3] Louisiana Civil Code article 3458 states that "[p]eremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." Louisiana Civil Code article 3461 states that "[p]eremption may not be renounced, interrupted, or suspended."

(unpublished). With respect to a rehearing, the APA provides that a decision or order shall be subject to rehearing by the agency within ten days from the date of its entry. La. R.S. 49:959(A). If an application for rehearing is timely filed, "the period within which judicial review, under the applicable statute, must be sought, shall run from the *final disposition* of such application." [Emphasis added.] La. R.S. 49:959(B). Louisiana Revised Statutes 49:964, concerning judicial review of a *final decision* in an adjudication proceeding, states that proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located. If a rehearing is requested, the statute requires that the petition be filed "within thirty days after the decision thereon." La. R.S. 49:964(B).

In this case, the Department filed a peremptory exception raising the objection of no right of action based on peremption in response to Doguet's petition for judicial review.[4] At a hearing on a peremptory exception brought pursuant to La. C.C.P. art. 927, evidence may be introduced to support or controvert the exception. See La. C.C.P. art. 931. If evidence is introduced, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. **Cooper,** 2019 WL 6167835, at *3. If no evidence is introduced to support or controvert the objection, an exception of peremption must be decided based upon the facts alleged in the petition with all of the allegations therein accepted as true. In that case, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. *Id.* Here, no evidence was introduced to support or

---

[4] It is questionable as to whether the peremptory exception raising the objection of no right of action was the proper procedural exception for this case. An objection of no right of action presumes that the petition states a valid cause of action. See **L&G Drywall, Inc. v. Gray Insurance Co.,** 2019-441 (La. App. 5 Cir. 3/18/20), 293 So.3d 775, 778. The proper exception that should have been filed in this case was either a peremptory exception raising the objection of peremption or a peremptory exception raising the objection of no cause of action, since if perempted, the right no longer exists. See La. C.C.P. arts. 927(2) & (5); La. C.C. art. 3458.

7

controvert the Department's exception, which was granted by the district court. Accordingly, we must determine whether that ruling was legally correct, accepting as true the facts alleged in Doguet's petition.

Doguet alleged in his petition that he filed a motion for rehearing and reconsideration on September 11, 2018,[5] pursuant to La. R.S. 49:959, which the DAL denied on October 2, 2018. The district court ruled that the thirty-day peremptive period began to run from August 31, 2018, the date of notice of DAL's original ruling, despite the fact that a motion for rehearing was filed, because the Department did not receive notice of the motion.

We note that, after submitting its records pertaining to the suspension of Doguet's driver's license, the Department was not present and did not participate in the initial August 20, 2018 administrative hearing. The Tests for Suspected Drunken Drivers law, La. R.S. 32:661-668, does not require notice to the Department until a person files a petition for judicial review of a final order of suspension in the district court. La. R.S. 32:668(C)(2). Further, the APA does not require that notice of a motion for rehearing be provided to the Department. La. R.S. 49:959(A). When proceedings for judicial review of a final agency decision are instituted, the APA then requires that copies of the petition be served upon the agency and all parties of record. La. R.S. 49:964(B).

Louisiana Revised Statutes 32:668(C) provides a person the right to petition for judicial review of a *final order of suspension or denial* by the Department. The APA provides that proceedings for judicial review must be instituted within thirty days from the *final disposition* of an application for rehearing. La. R.S. 49:959(B) and 964(B). In this case, the Department's final order of suspension was rendered

---

[5] Doguet stated in opposition to the Department's exception and at the July 16, 2019 hearing that his motion for rehearing was filed on September 10, 2018; the date listed on the petition was a typographical error. The district court apparently accepted this explanation. Moreover, the Department does not dispute the fact that Doguet filed a timely motion for rehearing.

8

on October 2, 2018, when it denied Doguet's motion for rehearing. Accordingly, we conclude that the thirty-day peremptive period set forth in La. R.S. 32:414(F)(4) did not begin to run until October 2, 2018, the date on which Douget's motion for rehearing was denied. As such, Doguet's petition for judicial review filed on October 19, 2018 was timely filed and is not perempted. The district court committed legal error in holding otherwise.

## CONCLUSION

For the above and foregoing reasons, the judgment of the district court sustaining the Department's exception of no right of action on the basis of peremption is reversed. This case is remanded for further proceedings, including a determination of the validity of the suspension and disqualification of Doguet's commercial driver's license.

**REVERSED AND REMANDED.**